YOUNG, A TAXPAYER, APPELLEE, *v.* CITY OF DAYTON ET AL., APPELLANTS.

[Cite as Young v. Dayton, 12 Ohio St. 2d 71.]

(No. 40517—Decided December 13, 1967.)

72

*Mr. Charles F. Young,* in propria persona.

*Mr. James W. Drake,* director of law, and *Mr. Maurice J. Gilbert,* for appellants.

ZIMMERMAN, J. In seeking a reversal of the judgment of the Court of Appeals, the city places strong reliance on Section 3, Article XVIII of the Constitution of Ohio, providing generally that "municipalities shall have authority to exercise all powers of local self-government." This includes the power to convey property no longer needed for municipal purposes. See *Babin* v. *Ashland,* 160 Ohio St. 328, 116 N. E. 2d 580, paragraph six of the syllabus.

However, the Charter of the city of Dayton which governs contains the following provisions:

Section 84. "The City Purchasing Agent shall, in manner provided by ordinance, purchase all supplies for the city, sell all real and personal property of the city not needed or unsuitable for public use * * *."

Section 85. "Before making any purchase or sale, the City Purchasing Agent shall give opportunity for competition * * *."

Section 92. "All contracts, agreements or other obligations entered into and all ordinances passed, resolutions and orders adopted, contrary to the provisions of the preceding sections, shall be void."

Section 85 specifically states that before making a sale of real property opportunity for competition shall be given.

Under the evidence in this case, the sale of the city's property was conducted pursuant to a prior arrangement, whereby the Mayos were favored and placed in an advantageous position with the result that an exchange of properties actually took place in such a manner as to preclude fair and unhampered opportunity for competition in the purchase of the property by others, including Young who was interested in making the purchase. By the arrangement described, Section 85 of the City Charter was violated and the sale to the Mayos was void.

Such were the findings and conclusions of the Court of Appeals, with which we agree.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.

TAFT, C.J., and SCHNEIDER, J., dissent.

TAFT, C. J., dissenting. There was an advertised public sale of the land sold to the Mayos. Hence, there was an "opportunity for competition" within the meaning of Section 85 of the Dayton Charter. Since there were no other bidders, there is no basis for concluding that there was any interference with that "opportunity for competition."

SCHNEIDER, J., concurs in the foregoing dissenting opinion.